JOHN E. DEVLIN, JR., AND WILLIAM ROSE, APPELLANTS, v. GEORGE W. COOPER, SHERIFF OF SUFFOLK COUNTY, RESPONDENT.

*Insolvent debtor — application for discharge from imprisonment — inventory, when sufficient to give the officer jurisdiction.*

Where, in an action upon contract, an order of arrest has been granted on the ground that the defendant was guilty of fraud in contracting the debt, and he has thereafter been arrested under an execution issued upon the judgment, an application for his discharge from imprisonment must be made under article 5, chapter 5, part 2, title 1 of the Revised Statutes, and not under article 6 thereof.

Where in an inventory, attached to the application of an insolvent debtor for a discharge from imprisonment, all his debts were sufficiently set forth and described, except one, as to which the statement was probably insufficient, *held*, that the inventory was sufficient to give the officer to whom the application was made jurisdiction, and that a discharge granted by him would protect the sheriff in releasing the debtor from imprisonment.

APPEAL from a judgment in favor of the plaintiff.

*A. J. Heath*, for the appellant.

*William Wickham*, for the respondent.

BARNARD, P. J. :

The defendant, as sheriff of Suffolk county, discharged one Frederick Maxwell from his custody under an execution, issued upon a judgment in favor of plaintiff upon contract, but where there had been an order of arrest, obtained before judgment, upon affidavits showing a fraudulent contraction of the debt by Maxwell. The discharge was made under an order of Henry P. Hedges, county judge of Suffolk county, and the question presented is whether the discharge is a good defence to the sheriff. The application for the discharge of Maxwell from imprisonment came from himself and not from his creditors. It was made under article 5, chapter 5, part 2, title 1 Revised Statutes. This article provides for a discharge from imprisonment by reason of any debts arising upon contracts previously made.

Article 6 of the same chapter and title provides for a discharge in cases of imprisoment under execution in civil cases, " which shall have been specified in his petition."

The first objection made is, that the application was not under article 6. The question is not without difficulty. When these laws were passed there was imprisonment for debts as well as for torts. There was no such cause of arrest as for fraudulently contracting a debt. Article 5 would then apply to one class of actions, namely, contracts ; and article 6 to executions where the defendant could be arrested and imprisoned. Now imprisonment for debts is abolished, and there can be no imprisonment therefor, except in specified cases ; and thus the cases in which arrests may be made are still contracts, but with the power to imprison on execution.

In principle, the case is one under article 6, but in fact, and under the letter of the law, the case is still contract. I think the application was proper under article 5 ; it covers all cases of contracts, and provides for a discharge from imprisonment which reaches all contracts, and the article provides for the discharge of persons thereunder when they are actually imprisoned. To limit

article 5 to cases where there was no imprisonment, and article 6 to cases where there was, could not have been the Legislature's intent, or there would have been no provision for release from imprisonment under article 5.

The next objection taken to the proceedings I deem not well taken.

It is provided that application for the insolvent or imprisoned debtor's discharge shall be made to an officer residing in the county in which the debtor resides " or is imprisoned." There was no proof accompanying the petition that the debtor resided in Suffolk. The petition stated that the imprisonment was therein. (Article 7, chapter 5, part 2, title 1, § 2; 2 R. S., 35, § 2.)

The next objection is to the inventory of the estate of the insolvent. He states in his schedule and inventory, that he " has now no estate whatever, whether real or personal, in law or in equity;" and further, that since July 30, 1877, the petitioner has not come into possession or ownership of any property whatsoever. This was a date long anterior to the date of the petition.

The inventory is a good one; if false it does not destroy jurisdiction.

The objection to the inventory of the creditors, that it does not state the true cause and consideration of the indebtedness of each, is not well founded. A statement that the indebtedness is one on drafts drawn by the debtor and discounted by the creditor is a sufficient statement. It is not necessary to state what the money was used for by the debtor.

There is one statement of indebtedness which is probably insufficient if objected to; it is stated as " arising upon certain promissory notes and sundry transactions between Payson and Maxwell." It is a sufficient statement of indebtedness to confer jurisdiction. It would be a hard measure of liability to require the sheriff to guard against such a defect. There was a petition duly verified made to the proper officer and in the proper county. There was a schedule and inventory of all the debtor's property and of his creditors which, in form, stated the true consideration. One out of a great many is perhaps insufficient. The county judge deemed otherwise and granted the discharge. I think the discharge ought to be a protection to the sheriff.

The error in the statement, if it be one, might have been corrected by *certiorari*, but the adjudication is sufficient to stand. Judgment should be affirmed, with costs.

GILBERT, J., concurred; PRATT, J., not sitting.

Judgment affirmed, with costs.